In re GREEN LANTERN, INC., Debtor.

Nile E. BLODGETT and Joann V. Blodgett, Plaintiffs,

v.

GREEN LANTERN, INC. and James E. Moody, Trustee, Defendants.

Bankruptcy No. 83–2124.
Adv. No. 86–317.
Motion No. 86–03144.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 27, 1986.

D. Michael Fisher, Robert K. Dannhauser, Pittsburgh, Pa., for plaintiffs.

Douglas A. Campbell, Campbell & Levine, Pittsburgh, Pa., for trustee.

## MEMORANDUM OPINION and ORDER OF COURT

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before this Court is a Complaint For Determination Of Property Of The Estate; specifically, whether an interest in a Pennsylvania liquor license falls within the parameters of Section 541 of the Bankruptcy Code. Based upon the pleadings submitted to this Court, and the subsequent hearing thereon, we find that the liquor license in question is not property of the estate.

A sales agreement was executed by and between the parties wherein the Debtor purchased the Plaintiffs' business, consisting of a fictitious name, its inherent goodwill, and a Pennsylvania liquor license. Said sale was contingent upon the approval by the Pennsylvania Liquor Control Board of the Debtor as transferee of the liquor license. The sale price was $5,000.00.

This sale was also contingent upon the continuation of an attached lease agreement, whereby the Debtor leased premises from the Plaintiff for the purpose of operating the business; said lease provided for monthly rental payments by the Debtor to the Plaintiffs. The lease was continued annually or biannually by the execution of renewal agreements.

The sales agreement further stated that if at any time the lease was discontinued, the liquor license would be sold or transferred to the Plaintiffs, at which time the Plaintiffs would pay the Debtor $5,000.00.

At some point during the course of this relationship, the Debtor became delinquent in its payments of rent for the leased premises. Subsequently, the Debtor ceased operating and the liquor license was turned over to the Pennsylvania Liquor Control Board for safekeeping, pending further action. Thereafter the Plaintiffs brought an action in state court from which a judgment was entered directing the Debtor to cause the liquor license to be transferred to the Plaintiff, and offsetting the $5,000.00 refund required against the $24,350.00 owed in back rent. A rehearing was denied; an appeal to the Pennsylvania Superior Court was taken, but was later dismissed for failure to prosecute.

Following this activity, the Debtor filed for bankruptcy under Chapter 11 of the Bankruptcy Code. The case was later converted to a Chapter 7 liquidation, and a Trustee was appointed. The Trustee presently argues pursuant to § 544(a)(3) of the Code, that he has the status of a bona fide purchaser of the Debtor's property, and that he therefore has a superior right to the liquor license as property of the Debtor's estate.

The Plaintiffs argue that the state court transferred equitable title to the liquor license to them, that the Debtor holds only the shell of legal title, and that it so holds only as a result of its refusal to comply with a lawful final Court Order directing transfer of legal title to the Plaintiffs. They rely upon § 541(d) of the Bankruptcy Code for this argument. We agree.

Section 541(d) of the Code states in pertinent part:

> Property in which the Debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the Debtor's legal title to such property; but not to the extent of any equitable interest in such property that the Debtor does not hold.

It is clear from the transcript of the state court action, attached as an exhibit to the Plaintiffs' Complaint, that the Court divested the Debtor of equitable ownership of the liquor license when it Ordered the Debtor to perform the necessary actions to transfer this liquor license to the Plaintiffs. The Debtor therefore has no equitable interest in said liquor license. Additionally, the legal interest held by the Debtor existed at the time of the bankruptcy filing only because the Debtor did not perform the transfer as it was Ordered to do. Even if

the Trustee is a hypothetical bona fide purchaser of the Debtor, all that he has is a legal title which must be transferred according to the State Court Order.

Therefore, it is ORDERED, ADJUDGED and DECREED that the Trustee, as hypothetical bona fide purchaser of said legal title, must institute the necessary transfer procedure with the Pennsylvania Liquor Control Board, to return said license to the Plaintiffs.